**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEANDRO QUESADA CALA,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | Case No. 5:26-cv-04791-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Leandro Quesada Cala, a native and citizen of Cuba, is currently in the custody of the Department of Homeland Security ("DHS") at the Desert View Annex in Adelanto, California. In this habeas action, Petitioner challenges his ongoing detention under the Due Process Clause, the Fourth Amendment, and the Administrative Procedure Act, and asks the Court to order his immediate release from custody. Respondents contend that Petitioner is entitled to only a bond hearing and is required to exhaust his administrative remedies, but do not challenge the facts alleged in the Petition or the merits of Petitioner's due process claims. In light of Respondents' non-opposition, the Court finds that Petitioner's detention violates due process.

Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Leandro Quesada Cala is a 40-year-old native and citizen of Cuba seeking asylum in the United States. Dkt. 1 at 5. Petitioner entered the United States without inspection in November 2021 and was apprehended shortly thereafter. *Id.* Immigration authorities issued a Notice to Appear charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled, and subsequently released Petitioner from custody while he pursues his asylum claims.

For the past five years, Petitioner has resided in the United States and developed substantial ties in his community. His daughter is a citizen of the United States. *Id.* at 5. His mother is a lawful permanent resident. *Id.* Petitioner is the primary caregiver for his mother and his child. *Id.* Petitioner's mother suffers from several serious physical and mental health conditions. *Id.* Petitioner had maintained stable employment in the United States since 2021 to provide for his daughter and mother. *Id.*

In December 2023, Petitioner was convicted of a DUI in the state of Florida. *Id.* He has no other criminal convictions. *Id.* at 5-6. Petitioner was arrested by officers of the Burbank Police Department on July 12, 2026. *Id.* at 5. Neither Petitioner nor Respondents provide further details about that interaction. Later that day, Petitioner was detained by Immigration and Customs Enforcement ("ICE") in Los Angeles while on his way home from buying dinner. *Id.* at 6. ICE agents did not present a warrant for his arrest. *Id.* Petitioner was not provided notice or a hearing prior to his detention. *Id.*

at 11. Petitioner was subsequently transferred to the Desert View Annex Detention Center in Adelanto, California. *Id.* at 6.

On August 21, 2026, Petitioner filed the instant petition for writ of habeas corpus, alleging that his detention violates his right to due process, that he was unlawfully arrested without a warrant, and that his arrest and detention without individualized pre-deprivation process violated both the Administrative Procedure Act and the Immigration and Nationality Act. *Id.* at 8-19. On August 23, 2026, the Court issued Notice of General Order 26-05 and Briefing Schedule. Dkt. 4.

Respondents timely filed their Response to the Petition on August 31, 2026. Respondents stated that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026)" and that "to the extent the instant Petitioner has not yet requested such a bond hearing from the Immigration Court, the Petitioner has not yet properly exhausted their available administrative remedies." Dkt. 8 at 1, 2. Respondents also opposed Petitioner's immediate release, but did not contest any facts alleged in the Petition or address the merits of any of Petitioner's claims.

Petitioner timely filed his Reply on September 2, 2026. Dkt. 9. Petitioner states that he had a bond redetermination hearing scheduled before an Immigration Judge ("IJ") on August 31, 2026, but that the IJ found a lack of jurisdiction to consider Petitioner for bond based on the Laken Riley Act. *Id.* at 4. Petitioner attached a copy of the IJ's order as an exhibit to his Reply. Dkt. 9-2. On September 3, 2026, the Court ordered Respondents to file a supplemental brief on or before September 4, 2026, " to address the apparent inconsistency between their position that Petitioner is eligible for a bond

hearing and the IJ's decision." Dkt. 10. Respondents did not file a supplemental brief.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge. Dkt. 6.

## II. DISCUSSION

Petitioner Leandro Quesada Cala argues, *inter alia*, that he is entitled to immediate release from custody because his detention without notice or a hearing violates due process. Dkt. 2 at 29-31. Respondents have contested Petitioner's requested relief and argued that Petitioner was required to exhaust his administrative remedies, but do not challenge Petitioner's factual allegations or the substance of his due process (or any other) claims. The Court first addresses whether Petitioner was required to fully exhaust his claims, before turning to the merits of his claim that his ongoing detention violates due process.

### A. Petitioner Was Not Required to Exhaust His Due Process Claims

Respondents claim that Petitioner has not fully exhausted his administrative remedies by requesting a bond hearing. Dkt. 8 at 2. Petitioner argues that exhaustion should be excused because an IJ already found a lack of jurisdiction to consider Petitioner's request for a bond hearing. Dkt. 9 at 4.

While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to

generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. at 1000 (internal quotations and citations omitted).

Respondents argue that Petitioner should be required to exhaust administrative remedies by requesting a bond hearing in Immigration Court. But Petitioner did so and an IJ already found it lacked jurisdiction to consider Petitioner's request for a bond hearing. The Court authorized Respondents to file a supplemental brief to address the IJ's ruling, (Dkt. 10), but they declined to do so. Regardless, the Court finds that exhaustion is not required given the nature of Petitioner's claims. Petitioner argues that due process required notice and a hearing before he was detained. Such constitutional claims lie outside the Immigration Courts' authority. *See In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). *See also Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006) (recognizing that the BIA "does not have jurisdiction to determine the constitutionality of the statutes it administers"). Moreover, Petitioner's due process claims are essentially uncontested. As such, an "'administrative

appellate record is not necessary to resolve'" Petitioner's constitutional claims. *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *10–11 (C.D. Cal. Mar. 5, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017)).

**B. Petitioner's Detention Violates Due Process**

The Court now turns to the merits of Petitioner's due process claim. Petitioner argues that procedural due process principles prohibited the Government from detaining him without notice and an opportunity to be heard. Dkt. 1 at 8-12. In their Answer, Respondents do not address Petitioner's due process claim, the application of the *Mathews v. Eldridge*, 424 U.S. 319 (1976) due process framework, or the substantial authority on which Petitioner relies. To the extent that the Answer could be construed to offer any defense to Petitioner's due process claim, it is Respondents' assertion that a bond hearing—not release—is the proper remedy for any legal violation he suffered. Dkt. 8 at 2 ("While Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)."). But this assertion does not address Petitioner's argument that a post-deprivation bond hearing cannot remedy the failure to provide pre-deprivation process, (Dkt. 9 at 2-5), and cannot be reconciled with the fact that the Immigration Court refused to conduct a bond hearing for Petitioner (Dkt. 10). The Court provided Respondents an opportunity to address the Immigration Court's ruling, (Dkt. 10), but they declined to do so.

Respondents' failure to meaningfully contest Petitioner's procedural due process claim is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents'

failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *see also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."; *E-M-v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

In light of Respondents' non-opposition, the Court concludes that Petitioner's ongoing detention violates due process. This Court has previously found due process requires pre-deprivation notice and a hearing when ICE seeks to re-detain a noncitizen previously released from custody. *See e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on

Respondents' non-opposition and the reasoning in these decisions, the Court concludes that Petitioner's re-detention violates due process.

Because Petitioner's detention has been unlawful from the outset, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the" constitutional violation. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v. Bondi*, No. 5:26-cv-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026). "[C]ourts in this District have concluded that a post-deprivation bond hearing ordinarily 'is not an adequate substitute' for a pre-deprivation hearing." *Herman v. DHS*, No. 5:26-cv-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (collecting cases). This is because "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Leandro Quesada Cala's (A# 220-647-751) immediate release and

prohibiting Respondents from re-detaining him without first providing notice and a hearing before a neutral decisionmaker where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: September 8, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE